# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# THOMASVILLE DIVISION

**ASI COMPUTER TECHNOLOGIES, INC.,**

    Plaintiff,

v.                                 Civil Action No. 6:05-cv-25(HL)

**XTREME P.C. COMPUTER WHOLESALE, INC. and JEFFREY L. GRUNDY, Individually,**

    Defendants.

_____

## **ORDER**

This case was removed to this Court from the State Court of Lowndes County, Georgia, on May 26, 2005, by Defendant, Jeffrey L. Grundy, acting pro se. After review of the complaint and the notice of removal, and as more fully set forth below, the Court finds that there is no subject matter jurisdiction and hereby remands the case.

ASI Computer Technologies, Inc., sued Xtreme P.C. Computer Wholesale, Inc. and Jeffrey L. Grundy, individually, in the State Court of Lowndes County, Georgia. The allegations of the complaint are that Defendants owe Plaintiff $24,715.00, plus interest and attorney's fees, on a contract. Grundy answered the complaint on his own behalf and also stated a counterclaim in which he alleged state law claims. Grundy then filed the notice of removal at issue here, alleging federal question jurisdiction under 28 U.S.C.A. § 1331.

In the notice of removal, Grundy alleges that subsequent to the filing of his answer and counterclaim, he discovered that he has additional claims against Plaintiff. Specifically, Grundy

maintains that he has federal civil RICO claims under 18 U.S.C. § 1964, and that he *will* move this Court for leave to file an amended answer and counterclaim to include them.

Because federal courts are courts of limited jurisdiction, they are obliged to make inquiry into their jurisdiction to consider the cases that come before them. Such an inquiry should be made as early as possible in the litigation. *See, e.g.,* Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001) (stating, "Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding."). *See also* Matter of Kutner, 656 F.2d 1107, 1110 (5th Cir. 1981) (noting that it is the duty of a federal court to determine on its own motion whether it has jurisdiction of any case before it). Moreover, the Federal Rules of Civil Procedure impose an obligation on courts to consider their jurisdiction to hear a given case: "Whenever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Consistent with these directives, the Court has undertaken to inquire into the jurisdiction of this case and finds that it is lacking.

Federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.A. § 1331 (West 1993). District courts also have original jurisdiction of civil actions which are between citizens of different states and in which the amount in controversy exceeds the value of $75,000.00. 28 U.S.C.A. § 1332 (West 1993 & Supp. 2004). Because Grundy has not alleged that jurisdiction is premised on diversity, this Court has jurisdiction of this civil action only if it arises under the

Constitution, laws, or treaties of the United States.[1]

Looking to the complaint and counterclaim as *presently* filed, the Court can discern no federal jurisdiction. Plaintiff has asserted only state law claims in its complaint, and Grundy's existing counterclaim alleges only state law claims. Although Grundy has stated his intention to amend his counterclaim to allege federal RICO claims, he has not yet done so.[2] Therefore, as the case now stands, there is no federal question in the case that would allow the Court to exercise subject matter jurisdiction. A litigant may not remove a case to federal court in anticipation of obtaining federal jurisdiction at a later date.

Federal district courts, as courts of limited jurisdiction, are not at liberty to entertain every case that comes before them. Even meritorious cases must be dismissed if the court lacks subject matter jurisdiction over the litigation, as neither the parties nor the courts may waive subject matter jurisdiction. In this case, the Court concludes that Grundy has failed to plead a federal cause of action and, therefore, the court lacks subject matter jurisdiction over the litigation. Accordingly, the Clerk is hereby directed to remand this case to the State Court of Lowndes County.

---

[1] Even assuming that Grundy intended to allege diversity as a jurisdictional basis, such allegation would be unsuccessful given that the amount in controversy, as stated by the complaint, is $24,715.00, plus interest and attorney's fees.

[2] Because federal and state courts have concurrent jurisdiction over federal civil RICO claims, *see* Tafflin v. Levitt, 493 U.S. 455, 110 S. Ct. 792 (1990), Grundy could have raised his RICO claims in the state court proceeding. This Court offers no opinion as to whether federal civil RICO claims presented in a counterclaim filed in state court would be sufficient to satisfy federal subject matter jurisdiction if removed.

**SO ORDERED**, this the 1st day of June, 2005.

s/ Hugh Lawson
**HUGH LAWSON, JUDGE**

mls